T.C. Summary Opinion 2009-33


UNITED STATES TAX COURT


JOEL DELLON AND EVANGELINE DELEON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24345-07S.               Filed March 12, 2009.


Joel Dellon and Evangeline Deleon, pro sese.

<u>Chong S. Hong</u> and <u>James A. Whitten</u> for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case arose when petitioners filed a petition seeking review of respondent's determination that a notice of Federal tax lien filed with respect to petitioners' 2002 and 2003 tax liabilities would not be withdrawn. At that time petitioners resided in California. Respondent moved for summary judgment, and petitioners failed to respond to respondent's motion. Respondent's motion will be granted.

Background

Petitioners' 2002 and 2003 joint Federal income tax returns were examined, and respondent determined that petitioners were liable for additional tax in each year. After the issuance of a notice of deficiency, the additional taxes were assessed on October 3, 2005. On October 23, 2006, respondent sent petitioners notification of the filing of a notice of Federal tax lien with respect to the assessed additional tax liabilities. Petitioners, on October 26, 2006, requested a hearing, and Appeals Officer Paul Sivick agreed with petitioner Joel Dellon that the hearing would be conducted by correspondence.

On May 31, 2007, petitioner Dellon argued that respondent should withdraw the lien because petitioners had requested an installment agreement to pay the outstanding tax liabilities. The Appeals officer, in a July 16, 2007, letter, explained to petitioners why respondent had decided not to withdraw the tax lien. In that letter, the history of the administrative

proceeding and the hearing was outlined.  In effect, petitioners had sought alternatives to collection such as offers-in-compromise or installment payments but did not provide complete financial information.  Respondent determined, using the available information about petitioners' assets and income, that their offers and proposed installment payments were less than they were able to pay.  It was also explained that respondent is not legally prohibited from filing and maintaining a tax lien during the pendency of an installment agreement.  Accordingly, petitioners' offer and/or installment plan had been rejected.  Under those circumstances, respondent refused to withdraw the lien.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  There is no genuine issue as to any material fact in this case, and summary judgment may be rendered in respondent's favor as a matter of law.

Petitioners did not petition respondent's determination in the notice of deficiency that additional taxes were due for 2002

and 2003. Accordingly, petitioners may not question the underlying tax liabilities. See Giamelli v. Commissioner, 129 T.C. 107 (2007). We review respondent's determination not to withdraw the notice of Federal tax lien under an abuse of discretion standard. See Goza v. Commissioner, 114 T.C. 176 (2000).

Under section 6330(c)(3) an Appeals officer must take the following matters into consideration regarding the filing of a notice of Federal tax lien: (1) Verification of whether the requirements of applicable law and administrative procedures have been met; (2) the issues raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

In this case, the Appeals officer considered all of the section 6320(c) requirements and decided that the notice of tax lien should not be withdrawn. All arguments petitioners raised were considered, and collection alternatives were explored and thoroughly considered. Petitioners were found to have assets or resources that exceeded the amounts they were willing to pay with respect to collection alternatives. Under these circumstances, we hold that there was no abuse of discretion in the determination not to withdraw the notice of tax lien. Respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.